# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2018

Lyle W. Cayce
Clerk

No. 17-11055
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MANUEL ALBARRAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-56-2

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Albarran appeals his 87-month, within-guidelines sentence received following his guilty-plea conviction for conspiracy to possess with intent to distribute cocaine. He challenges the district court's guidelines calculations, which would constitute a procedural error. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A district court commits a procedural error, and thus "abuses its discretion[,] if it bases its decision on an error of law or a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11055

clearly erroneous assessment of the evidence." *United States v. Castillo*, 430 F.3d 230, 238-39 (5th Cir. 2005) (quoting *United States v. Smith*, 417 F.3d 483, 486-87 (5th Cir. 2005)). We review a challenge to the district court's interpretation of the Guidelines *de novo*, while we review a claim of mistaken factual findings or a misapplication of the Guidelines to the factual findings for clear error. *United States v. Lyckman*, 235 F.3d 234, 237 (5th Cir. 2000).

Albarran first contends that the district court erred by including five kilograms of cocaine in his base offense level; he maintains that he and his coconspirators merely offered to make such a sale and that the buyers did not agree to the purchase. The presentence report ("PSR") and the PSR addendum indicate that the parties agreed to a purchase of three kilograms of cocaine that were immediately available and to a purchase of five kilograms to be delivered later. A district court may adopt the facts in a PSR "without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (quoting *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2012)). Albarran's objection to the PSR's drug quantity finding did not qualify as rebuttal evidence. *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). Albarran has not shown that the court's factual finding was implausible in light of the record as a whole. *See United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013).

Albarran then asserts that the district court erred by applying a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) based on his codefendant's possession of a firearm at the time of their arrest. Under the Sentencing Guidelines, coconspirators are responsible for reasonably

foreseeable actions occurring within the scope of, and in furtherance of, jointly undertaken criminal activity.  U.S.S.G. § 1B1.3(a)(1)(B); *see United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990) (recognizing that a defendant may receive a § 2D1.1(b)(1) enhancement based on a codefendant's possession of a firearm).  Albarran cites no authority for his assertion that the underlying action—the possession of the firearm—must itself be jointly undertaken criminal activity for an enhancement to apply.  Although he contends that he could not have foreseen the presence of a hidden weapon during a cocaine transaction, "[w]e have held that a district court may ordinarily infer that a defendant should have foreseen a codefendant's possession of a dangerous weapon . . . if the government demonstrates that another participant knowingly possessed a weapon while he and the defendant committed the offense."  *United States v. Garza*, 118 F.3d 278, 285-86 (5th Cir. 1997) (quoting *United States v. Sparks*, 2 F.3d 574, 587 (5th Cir. 1993)).  To the extent that Albarran argues that his codefendant's possession of the firearm was not in furtherance of jointly undertaken criminal activity because his codefendant could have possessed the firearm to prevent Albarran himself from cheating him, he has not shown that the district court's findings were not plausible in light of the record as a whole.  *See Alaniz*, 726 F.3d at 618; U.S.S.G. § 1B1.3(a)(1)(B).

Finally, Albarran argues that, if he prevails on his challenges to the guidelines calculations, his 87-month sentence would be substantively unreasonable because it would constitute an upward variance that was not justified by the record.  As explained above, Albarran has not shown error in the guidelines calculations.  *See Lyckman*, 235 F.3d at 237.  As Albarran concedes, we employ a presumption of reasonableness for a sentence imposed within the proper advisory guidelines range.  *See United States v. Campos-*

No. 17-11055

*Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  Albarran has not established "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (citation omitted).  The district court therefore did not abuse its discretion in imposing the sentence. *See Gall*, 552 U.S. at 51.

Albarran has shown no reversible error arising from the sentencing proceedings.  Accordingly, the judgment of the district court is AFFIRMED.